NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CENTURY SURETY COMPANY, | No. 23-55051 |
| Plaintiff-Appellee, | D.C. No. 5:21-cv-01987-RGK-RAO Central District of California, Riverside |
| v. | |
| POPELINOS TRANSPORTATION, INC., a corporation; JOSE POPELINO; JOSE BARRAGAN; POPELINOS GREEN WASTE RECYCLING, a business entity of unknown; ROSARIO RIOS; JUSTICE CUTS, DBA Recycling and Recovery, a corporation; RICHARD BOYD; ELISA BOYD, | MEMORANDUM* |
| Defendants, | |
| and | |
| D & R WOODS ENTERPRISE, CORP., a corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 5, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, BADE, Circuit Judges.

This is an insurance coverage dispute. Plaintiff sued its insured and its judgment creditors, asking for a declaration that there was no coverage. Defendant D&R Woods appeals the district court's grant of Plaintiff's summary judgment motion. We review de novo. *Sony Comput. Ent. Am., Inc. v. Am. Home Assurance Co.*, 532 F.3d 1007, 1011 (9th Cir. 2008).

1. On or around December 3, 2020, a fire broke out at 1880 Brown Avenue in Riverside, California, where Jose Barragan operates Popelino's Green Waste Recycling (PGWR). The fire spread to adjacent properties, including one owned by D&R Woods. D&R Woods sued a different business owned by Barragan, Popelino's Transportation, Inc. (PTI), in a separate action (the D&R Action), related to the fire. Plaintiff had issued an insurance policy for general commercial liability coverage that insured PTI and Barragan, solely with respect to Barragan's duties as PTI's president, at the time of the fire (the Policy). Plaintiff agreed to defend PTI and Barragan in the D&R Action, subject to a reservation of rights.

2. We affirm the district court's order granting declaratory relief that (1) there

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

was no duty to defend or indemnify and that (2) Century was entitled to rescind the Policy because of the concealment of material information in the application for the Policy, and therefore, it was void. Under California law, each party to an insurance contract "shall communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract." Cal. Ins. Code. § 332. "Materiality is [] determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract." *Id.* § 334. The concealment of any material information "entitles the injured party to rescind insurance." *Id.* § 331. Any "[n]eglect to communicate that which a party knows, and ought to communicate, is concealment." *Id.* § 330.

3. The central question is whether the concealed fact could reasonably influence the insurer in deciding whether to issue the policy, in evaluating the degree of risk, or in calculating the appropriate premium. *See Old Line Life Ins. Co. v. Super. Ct.*, 229 Cal. App. 3d 1600, 1604 (Cal. Ct. App. 1991). Plaintiff submitted the declaration of Mr. Foreman, Plaintiff's Senior Vice President – Underwriting, to describe the application process for the Policy. Mr. Foreman stated that (1) the application stated that "the insured ha[d] no exposure to flammables," (2) PTI's Office Manager told the inspector "that Barragan did not own or operate any other businesses at that time," and (3) Barragan "did not disclose his ownership of the

3

property at 1880 Brown Ave., Riverside[,] California, or any of his operations at that address." Mr. Foreman further attested that Plaintiff "would not have issued [the Policy] to PTI for the premium indicated on the policy if it had been aware of the existence of PGWR and the operations at the 1880 Brown Avenue property." Instead, Plaintiff would have "calculated the total premium based upon the proper classification code for the recycling operations in addition to the trucking classification."

Based on these undisputed facts, Barragan failed to disclose information material to Plaintiff's calculation of the Policy's appropriate premiums. This failure constituted concealment, *see* Cal. Ins. Code § 330, and therefore Plaintiff is entitled to rescind the Policy, *see id.* § 331. Because there is no coverage, there is also no duty to defend or indemnify.

**AFFIRMED.**